# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PARSONS,<br><br>        Plaintiff,<br><br>    v.<br><br>JENNIFER COVELLO,<br><br>        Defendant.<br>_____/ | CASE NO. 1:11-cv-00806-LJO-SKO<br><br>**ORDER REMANDING ACTION TO STANISLAUS COUNTY SUPERIOR COURT**<br><br>(Docket No. 1)<br><br>**ORDER DENYING AS MOOT DEFENDANT'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>(Docket No. 2) |

## I. INTRODUCTION

On May 17, 2011, Defendant Jennifer Covello ("Defendant") filed a document entitled "NOTICE AND MOTION OF REMOVAL OF STATE COURT ACTION (STANISLAUS COUNTY SUPERIOR COURT) TO US DISTRICT COURT (EASTERN DISTRICT OF CALIFORNIA)" (the "May 17, 2011, Notice"). (Doc. No. 1.) The May 17, 2011, Notice alleges that the basis of removal is 28 U.S.C. § 1331 Federal Question Jurisdiction. On that same day, Defendant filed a motion to proceed without the prepayment of fees. (Doc. 2.)

For the reasons set forth below, Defendant's motion for removal is DENIED and the action is remanded to the Stanislaus Superior Court. As a result, Defendant's motion to proceed in *forma pauperis* is DENIED AS MOOT.

## II.  DISCUSSION

**A.  Defendant's Motion for Removal is Denied and the Case is Remanded**

Title 28 of the United States Code, section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  The removal statute is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  The court presumes that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106-07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir.2009).

The underlying complaint filed in the Stanislaus County Superior Court has not been provided to this court. Title 28 U.S.C. § 1446(a) provides that a copy of all pleadings served on the removing defendant in the state court action must be filed along the notice of removal.  Because the complaint at issue has not been provided to this Court, Plaintiff has failed to comply with Section 1446(a).  As such, the Court is unable to identify the federal law at issue.

From the May 17, 2011, Notice, it appears that this action concerns the rental of real property and contractual obligations concerning that property.[1]  Nothing in the May 17, 2011, Notice indicates that the underlying complaint contains claims concerning anything other than a rental agreement and Plaintiff's attempts to vacate Defendant from the property.  The May 17, 2011, Notice states that third parties in the Stanislaus County Superior Court have violated Defendant's constitutional rights

---

[1] The Court notes that Defendant's motion purports to attach a copy of the contract as "Exhibit 1"; however, there was no exhibit attached to the submitted papers.

1  and Plaintiff has violated Defendant's rights under the Fair Housing Act.  Removal cannot be based
2  on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed
3  in state or federal court.  *See Vaden v. Discover Bank*, __ U.S. __, 129 S.Ct. 1262, 1272 (2009);
4  *Hunter*, 582 F.3d at 1042-43; *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 327
5  (5th Cir. 1998); *Preciado v. Ocwen Loan Servicing*, No. CV 11-1487 CAS (VBKx), 2011 WL
6  977819, at *1 (C.D.Cal. Mar. 18, 2011); *Fed. Nat'l Mortg. Ass'n. v. Bridgeman*, No. 2:10-cv-02619
7  JAM KJN PS, 2010 WL 5330499, at *4 (E.D.Cal. Dec. 20, 2010).  There is, therefore, no basis for
8  federal jurisdiction to permit removal, and as such, this action is remanded to the Stanislaus County
9  Superior Court.

**B.     Defendant's Motion to Proceed In Forma Pauperis is Moot**

Defendant filed a motion to proceed without the prepayment of fees.  (Doc. 2.)  In light of the Court's finding that it lacks subject matter jurisdiction, Defendant's motion to proceed in *forma pauperis* is denied as moot.

### III.   CONCLUSION

In sum, the May 17, 2011, Notice provides no basis for federal jurisdiction, and the implied basis of federal jurisdiction is not a proper basis for removal.  Accordingly, the Court HEREBY ORDERS THAT:

1.     This action is REMANDED to the Stanislaus County Superior Court;

2.     Defendant's motion to proceed in *forma pauperis* is DENIED AS MOOT; and

3.     The Clerk of the Court is DIRECTED to serve a copy of this order on the Stanislaus County Superior Court.

IT IS SO ORDERED.

**Dated:   May 25, 2011**                              /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE